UNITED STATES v. STONE et al.

(District Court, D. Maryland. June 14, 1912.)

CONSPIRACY (§ 51*)—DEPRIVING CITIZENS OF RIGHT TO VOTE—FINES.

Fines imposed on defendants for violations of Cr. Code (Act March 4, 1909, c. 321, 35 Stat. 1092, 1096 [U. S. Comp. St. Supp. 1911, pp. 1594, 1600]) §§ 20, 37, by conspiring as election officers to deprive colored citizens of the right to vote at a congressional election.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 114; Dec. Dig. § 51.*]

Criminal prosecutions by the United States against John E. Stone, John W. Miller, and John M. Dulany. On pleas of nolle contendere. Judgment imposing sentence.

John Philip Hill, U. S. Atty., Edgar H. Gans, Sp. Counsel, and J. Craig McLanahan, Asst. U. S. Atty., for the United States.

William L. Marbury, William S. Bryan, Jr., Edgar Allan Poe, and William L. Rawls, for defendants.

ROSE, District Judge, in imposing sentence upon the traversers, said:

You have been indicted for violations of section 19 of the Criminal Code of the United States by conspiring to injure and oppress certain citizens of the United States with intent to hinder and prevent their free exercise of the right to vote for a representative in Congress.

Still another indictment charges you with violating sections 20 and 37 of the same Code.

You demurred to these indictments. After able and elaborate argument and full consideration the court upheld their validity. Vide United States v. Stone (D. C.) 188 Fed. 836. To the indictment drawn under sections 20 and 37 of the Code you have, with the permission of the court, entered a plea of nolle contendere. The court understands that the district attorney proposes to enter a nolle prosequi as to the indictment found under section 19. In view of all the facts and circumstances the court will approve his action.

The offense charged against you in the indictment, which you have by your plea signified your willingness to admit, is a serious one. It involves a conspiracy; that is, an unlawful agreement among you to deprive on account of their race and color certain duly qualified and registered voters of Charles county, Md., of their right to vote for a member of Congress for the Fifth congressional district of Maryland.

The indictment charges that this conspiracy was in a large part effected. The offense is none the less serious, in that, as incidental to your disfranchising of colored citizens, you disfranchised a number of white voters as well. It has been represented to the court that you are persons of eminent respectability in the ordinary walks and

relations of life. . The. court believes these representations to be true.

It has been stated that you have been led to do what you did by the combined influence of two motives: First, by your conviction that persons having African blood in their veins should not be allowed to vote; and, second, by a strong feeling of partisanship which caused you to do things in the supposed interest of a candidate of your political party which you would not have thought of doing for the furtherance of any personal object of your own.

This court has nothing whatever to do with the question whether the constitutional provision prohibiting the abridgment of the right of suffrage on the ground of race or color should have been adopted in the first place, or whether it should now be repealed. Every man is entitled to hold such views upon those questions as commend themselves to his judgment. If he feels that the fifteenth amendment should be repealed, it is clearly his right, and may be his duty, to do what he can in lawful ways to induce enough of his fellow countrymen to agree with him to repeal it. So long as it is a part of the Constitution, it is the supreme law of the .land, and therefore must be obeyed, and should be obeyed in spirit as well as in letter. It is not for this court to consider whether there ever may be times and places when a higher law requires conscientious citizens to disobey and defy statutory or constitutional enactments. All that can be said is that a doctrine which sanctions such disobedience and defiance is a very dangerous one. It leads to very undesirable consequences, whether it takes the form of bringing John Brown to Harpers. Ferry, an anarchist to bomb throwing, or an advocate of woman suffrage to window smashing. In its essence it is a substitution of the individual will for the law of the land. The distinction between it and anarchy is in practice not easy to draw. Moreover, in point of fact, it is seldom possible for those who set out on conscientious grounds to break the law to preserve in the process quite the exalted position which in their own minds they originally intended to occupy.

As an illustration, in your own case, you very possibly thought of yourselves as doing an heroic act. What you in fact did, and all that you did, was to display a great deal of ingenuity in arranging a ballot upon which there were only four names, so as to make it exceedingly difficult for any one to vote for any candidate, except the one you wanted to see elected. The end you had in view may have seemed to you highly patriotic, but, upon cool reflection, you will probably agree that the means which you were forced to employ in order to obtain that end were anything rather than dignified. In short, the tricks to which it was necessary to resort to accomplish what you set out to do are themselves the most complete condemnation of the attempt itself.

In your county the majority of the supporters of the candidate whose election you did not desire were doubtless of the race which you did not think ought to vote. His candidacy was, however, sup-

ported by an appreciable number of persons of your own race, some of whom were in character, intelligence, and even in wealth the equals of any citizens of Charles. The circumstance shows how impossible it ordinarily is for any one to go beyond the law without doing that which he would rather leave undone. Had there been no white men unduly affected by your arrangement of the official ballot, it would still remain true that there can be no higher obligation upon any court than that of protecting the rights of the weak and lowly. If in order to prevent a repetition of a like offense by others it were necessary to put severe penalties upon you, it would be the unpleasant duty of the court to impose them. In such case the fact that you had nothing personal to gain by what you did, and that in doing it you really supposed you were serving your country well, could not be accepted as an excuse. Very fortunately no such necessity now confronts the court. Since the filing of this indictment the Legislature has so amended the law that in future election officers will not have the opportunity to do what you did.

Under the circumstances, the imposition of a mild and almost nominal penalty will, it is believed, do more good than could be accomplished by severe punishment.

The sentence of the court is that the traversers Stone and Miller shall each pay a fine of $50, and the traverser Dulany a fine of $25.